

Brent E. Pelton (BP-1055)
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 286-1425; (Fax)(212) 599-7909

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FREDDIE ROBLES, Individually and on Behalf      :    ECF
Of All Other Persons Similarly Situated,        :
                                                :    08 Civ. 9572
                 Plaintiffs,                    :
                                                :    **COMPLAINT AND**
         -against-                              :    **JURY DEMAND**
                                                :
COPSTAT SECURITY, LLC, COPSTAT                  :
SECURITY INC., ANDREWS INTERNATIONAL,:
INC., RANDY ANDREWS, RONALD BELLISTRI:
And JOHN DOES #1-10, Jointly and Severally,     :
                                                :
                 Defendants.                    :
----------------------------------------------------------------X

RECEIVED NOV 0 6 2008 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, through his attorneys, complaining of Defendants alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) that they are: (i) entitled to unpaid wages from Defendants for overtime hours worked for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains, on behalf of himself and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages from Defendants for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the

1

supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.  Plaintiff Freddy Robles was, at all relevant times, an adult individual residing in Bronx County, New York.

7.  Upon information and belief, Defendant COPSTAT SECURITY, LLC ("COPSTAT LLC") is a Delaware limited liability company authorized to do business in New York with offices in Bronx, New York.

8.  Upon information and belief, Defendant COPSTAT SECURITY, INC. ("COPSTAT INC" and, together with COPSTAT LLC, "COPSTAT"), is a New York corporation registered in Bronx, New York.

9.  Upon information and belief, ANDREWS INTERNATIONAL, INC. ("ANDREWS" and together with COPSTAT, the "Corporate Defendants") is a Delaware corporation authorized to conduct business within the State of New York.

10.  Upon information and belief, RANDY ANDREWS and RONALD BELLISTRI (the "Individual Defendants") are each an officer, director and/or managing agent of the

Corporate Defendants. The addresses of the Individual Defendants are unknown at this time. The Individual Defendants each participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

11. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since November 6, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon

3

information and belief, there are several thousand members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because the Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

      a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

      b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

      c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

   e. whether Defendants failed to pay the Collective Action Members for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

   g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

   h. whether Defendants should be enjoined from such violations of the FLSA in the future.

17.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

18.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19.   Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since November 6, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid regular wages and overtime wages in violation of the

5

New York Labor Law (the "Class").

20. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are several thousand members of Class during the Class Period.

21. The claims of the Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

22. The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

23. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

24. Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

25. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendants failed to keep true and accurate time records for all hours

worked by Plaintiffs and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class for all hours worked as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

26. At all relevant times, Defendants have operated as one or more security guard companies with several thousand security guards working at numerous sites throughout New York and the nation.

27. Plaintiff Freddie Robles was employed as a security guard by the Defendants from on or about November 2002 through September 2008 (the "time period").

28. Throughout the time period, Plaintiff provided security services for such clients as Citibank, CBS, Nobu 57, the City of New York and Northfork Bank, among others.

29. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

30. The work performed by Plaintiff required little skill and no capital investment. Plaintiff's duties did not include managerial responsibilities or the exercise of independent

7

judgment.

31. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times Plaintiffs' regular hourly rate for hours worked in excess of 40, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

32. Rather than pay overtime of time and one-half Plaintiff's regular hourly rate, Defendants typically paid Plaintiff straight time and listed the overtime pay as an "expense reimbursement" on Plaintiff's paystub, thereby avoiding having to pay taxes and the overtime premium on hours worked in excess of forty each week. When Plaintiff inquired into the practice of compensating him for overtime as though it were an expense reimbursement, Plaintiff was told by his supervisor that this was Defendants' standard method for paying overtime and that it was a win/win situation as it allowed Plaintiffs to receive wages without having to pay taxes on the income.

33. In addition to the Plaintiff, during the time period Defendants usually employed several thousand other employees simultaneously.

34. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

35. Such individuals have worked in excess of 40 hours a week, yet the Defendants

have likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

36. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

37. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff' own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

38. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment and while Defendants employed Plaintiff and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

39. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

40. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

42. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

43. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

44. At all relevant times, the Defendants had a policy and practice of refusing to pay employees for all the hours worked by them as well as refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

45. As a result of the Defendants' willful failure to compensate its employees for all the hours worked by them, including Plaintiff and the Collective Action members, for all the hours worked by them, and failure to compensate its employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid compensation including overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

49. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

50. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all of their hours worked, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

52. The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

53. Upon information and belief, Defendants required Plaintiff and members of the Class to wear uniforms but did not pay to have the uniforms to be laundered and maintained.

54. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, reimbursement for cleaning and laundering uniforms, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and their counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages and uniform maintenance costs and unpaid overtime compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h. An award of damages for the cleaning and laundering of uniforms;

i. An award of prejudgment and postjudgment interest;

12

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       November 6, 2008

        PELTON SERPE LLP

        By: *[signature]*
        Brent E. Pelton (BP 1055)

        Attorney for Plaintiffs, Individually, and
        on Behalf of All Other Persons Similarly Situated
        111 Broadway, 9th Floor
        New York, New York 10006
        Telephone: (212) 725-3600
        Facsimile: (212) 385-4600

October 28, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Copstat / Andrews Security and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_/s/ Freddie Robles_    10/28/08
Signature          Date

_/s/ Freddie Robles_
Printed Name