UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

FREDDIE ROBLES, *et al.*,

        Plaintiffs,

  - against -

COPSTAT SECURITY, INC., RONALD
BELLISTRI, COPSTAT SECURITY LLC,
ANDREWS INTERNATIONAL, INC.
RANDY ANDREWS, and JOHN DOES
#1-10, Jointly and Severally,

        Defendants.

------------------------------------------------------- X

**MEMORANDUM**
**OPINION AND ORDER**

08 Civ. 9572 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

      Freddie Robles has filed this putative collective action against all defendants on behalf of a class of all persons who are or were formerly employed as security guards by Copstat Security, Inc. ("Copstat Inc."), Copstat Security LLC ("Copstat LLC"), and Andrews International, Inc. ("Andrews Inc.") at any time since November 2002 (the "Collective Action Period"). Robles alleges that defendants failed to pay overtime premium wages in violation of the Fair Labor

Standards Act ("FLSA")[1] and the New York Minimum Wage Act.[2]

Defendants Copstat Inc. and Ronald Bellistri now move to dismiss portions of the Complaint pursuant to Federal Rules of Civil Procedure, 12(b)(1), 12(b)(6), and 21, asserting that Robles' claims are time-barred. For the reasons that follow, the motion is granted in part and denied in part.[3]

## II.   BACKGROUND[4]

Robles worked as a security guard for Copstat Inc. from November 2002 through June 11, 2004, when Bellistri, its Chief Executive Officer ("CEO"), sold Copstat Inc. to Andrews pursuant to an asset purchase agreement.[5] Andrews

---

[1]   See 29 U.S.C. §§ 201-219.

[2]   See N.Y. Labor Law §§ 650-665.

[3]   On May 14, 2009, this Court granted Robles leave to file a motion for Conditional Class Certification under the FLSA and to issue notice to all other similarly situated current and former employees. Although Copstat Inc. and Bellistri argue in their Memorandum of Law in Support of their Motion to Dismiss that Robles cannot maintain a collective action, this assertion is not relevant to the motion to dismiss and will be addressed in a separate opinion.

[4]   The facts summarized in this section are drawn from the Complaint and are presumed to be true for the purpose of this motion.

[5]   Robles does not specify the shifts in ownership in his Complaint. However, in his Memorandum of Law in Opposition to Defendants Copstat Inc. and Bellistri's Motion to Dismiss Plaintiff's Complaint ("Pl. Mem."), Robles does not dispute the relevant facts asserted by defendants in their Answer.

subsequently changed the name of the company to Copstat LLC.[6] Robles worked for Copstat LLC from June 11, 2004 to January 1, 2007, when Copstat LLC merged with Advanced Technology Services ("ATS") and became Andrews Inc.[7] Robles then worked for Andrews Inc. from January 1, 2007 through September 2008.[8] Andrews was the owner of Copstat LLC and ATS and is currently the CEO of Andrews Inc.[9] Defendants John Does #1-10 are officers, directors and/or managing agents of Copstat Security Inc., Copstat LLC, and Andrews Inc.[10]

From November 2002 to September 2008, Robles regularly worked in excess of forty hours per week without receiving time-and-a-half pay.[11] While working for Copstat Inc., Robles received straight-time regular pay for overtime hours.[12] Copstat Inc. listed such overtime wages as "expense reimbursements" in order to avoid the payment of taxes on these wages.[13] As CEO of Copstat Inc.,

---

[6] *See* Pl. Mem. at 1.

[7] *See id.*

[8] *Id.*

[9] *Id.*

[10] *See* Complaint ¶ 10.

[11] *See id.* ¶ 27.

[12] *See id.* ¶ 32.

[13] *Id.*

Bellistri intentionally and maliciously participated in the establishment of this policy or practice and participated in the day-to-day management of Copstat Inc.[14]

## III. APPLICABLE LAW

### A. Subject Matter Jurisdiction

A district court may exercise subject matter jurisdiction if the action "arises under" federal law.[15] An action "arises under" federal law if "'in order for the plaintiff to secure the relief sought he [or she] will be obliged to establish both the correctness and the applicability to [the] case of a proposition of federal law.'"[16] A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.[17]

If a court has original jurisdiction it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within

---

[14] *See id.* ¶ 10.

[15] *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citing 28 U.S.C. § 1331).

[16] *Id.* at 114 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1993) (superseded by statute on other grounds)).

[17] *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

such original jurisdiction that they form part of the same case or controversy."[18] Claims arise under the same case or controversy when they "'derive from a common nucleus of operative fact' and are such that one would ordinarily expect them to be tried in one judicial proceeding."[19] Thus, the exercise of supplemental jurisdiction is appropriate where "the facts underlying the federal and state claims substantially overlap . . . or where the presentation of [the] federal claim necessarily [brings] the facts underlying the state claim before the court."[20] Conversely, supplemental jurisdiction is lacking where the federal and state claims rest on essentially unrelated facts.[21] When deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh the values of judicial economy, convenience, fairness, and comity.[22]

**B.    Motion to Dismiss**

---

[18]   28 U.S.C. § 1367(a).

[19]   *People ex rel. Abrams v. Terry*, 45 F.3d 17, 23 n.7 (2d Cir. 1995) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

[20]   *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000).

[21]   *See id.* at 704-05.

[22]   *See City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997) (holding that the exercise of pendent jurisdiction is a favored course of action).

When deciding a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[23] and "draw all inferences in the light most favorable to the non-moving party[]."[24] Nevertheless, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[25]

In deciding a motion to dismiss, the court is not limited to the face of the complaint. The court "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."[26]

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[27] To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet

---

[23]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[24]   *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

[25]   *Id.* (quotation omitted).

[26]   *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

[27]   *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

the standard of "plausibility."[28]

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."[29]

### C. Misjoinder

Although a court may sever claims against any party at any time, misjoinder of a party is not a ground for dismissing an action.[30]

### D. Statutes of Limitations

"The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year statute of limitations period for 'a cause of action arising out of a willful violation.'"[31] The New York

---

[28] See *Twombly*, 550 U.S. at 564. *Accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009) (noting that *Twombly's* standard of plausibility is not limited to antitrust cases).

[29] *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-557).

[30] See Fed. R. Civ. P. 21.

[31] *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (quoting 29 U.S.C. § 255(a)).

Minimum Wage Act provides for a six-year statute of limitations.[32]

### E. New York Labor Law

Although there are no explicit provisions governing overtime compensation under the New York Minimum Wage Act, New York state courts have recognized a cause of action for unpaid overtime wages against corporations pursuant to the "Minimum Wage Order for Miscellaneous Industries and Occupations" (the "Wage Order") issued by the New York State Department of Labor.[33] Under the Wage Order, "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate . . . for working time over 40 hours" in each workweek.[34] The Minimum Wage Act and its implementing regulations provide for a private cause of action for the recovery of unpaid overtime.[35]

The New York Minimum Wage Act defines an employer as "any

---

[32] See N.Y. Labor Law § 663(3).

[33] See Ballard v. Community Home Care Referral Serv., Inc., 695 N.Y.S.2d 130 (2d Dep't 1999). See also N.Y. Labor Law § 655(5)(b) (authorizing the promulgation of regulations).

[34] N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

[35] See, e.g., Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 78 (2d Cir. 2003).

individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons acting as employer."[36] No statutory provision further defines the actions that constitute "acting as employer." However, the criminal penalty provision of the Minimum Wage Act separately denotes employers, their agents, and their officers.[37] The New York Court of Appeals has held that a statutory provision "subjecting corporate officers to criminal sanctions for violation of the article indicates a legislative intent that they not be subject to civil liability."[38]

### F. Piercing the Corporate Veil

Although a shareholder is not ordinarily liable for wrongdoing by a corporation, New York law permits piercing the corporate veil in a Minimum Wage Act case where "(1) the owner[] exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the

---

[36]  N.Y. Labor Law § 651(6)

[37]  *See id.* § 662(2).

[38]  *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542 (1984) (citing *Stoganovic v. Dinolfo*, 61 N.Y.2d 812, 812 (1984)).

plaintiff's injury."[39] Mere conclusory statements that a corporation is dominated or controlled by a shareholder are insufficient to pierce the corporate veil and sustain a cause of action against a shareholder in his individual capacity.[40]

## IV. DISCUSSION

### A. Statutes of Limitations and Subject Matter Jurisdiction

Because Robles filed the Complaint on November 6, 2008, his FLSA claim can only cover actions arising on or after November 6, 2005, even assuming he can prove willful misconduct. Copstat Inc. ceased its operations, terminated Robles, and sold its assets on June 11, 2004.[41] The FLSA claim against Copstat Inc. and Bellistri is time-barred and must be dismissed. However, the FLSA claim against Copstat LLC, Andrews Inc., and Andrews remains.

Supplemental jurisdiction over the remaining state law claim against

---

[39] *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 867 N.Y.S.2d 169 (2d Dep't 2008) (citing *Morris v. New York State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993)). By contrast, liability under the FLSA may extend to a broader class of defendants under the "economic reality test." *Herman*, 172 F.3d at 139 (holding that the economic reality test defines who may be held personally liable as an "employer" under the FLSA).

[40] *See AHA Sales, Inc.*, 867 N.Y.S.2d 169 (holding that plaintiff failed to set forth sufficient specific factual allegations to warrant piercing of the corporate veil and imposition of personal liability on the manager of a corporate employer for state wage claims).

[41] *See* Pl. Mem. at 1.

Copstat Inc. and Bellistri is appropriate because it arises from a common nucleus of operative fact as the timely federal claim against the other defendants.[42] Therefore this Court will exercise supplemental jurisdiction over the state law claims. Because Copstat Inc. and Bellistri may be liable for actions occurring on or after November 6, 2002,[43] the motion to dismiss the state law claim based on lack of subject matter jurisdiction is denied.

### B. The New York Labor Law Claim

Robles has alleged that when he worked in excess of forty hours a week from November 2002 to June 2004, Copstat Inc. failed to pay him at an overtime rate.[44] Accepting Robles' facts and drawing all inferences in his favor, Robles has stated a cause of action for unpaid overtime wages against Copstat Inc.

Robles has not, however, adequately stated a cause of action against Bellistri. This Court must define the term of employer in accordance with controlling New York Law.[45] Robles has not alleged that Bellistri was his

---

[42] *See Promisel v. First Am. Artificial Flowers*, 942 F.2d 251 (2d Cir. 1991).

[43] *See* N.Y. Labor Law § 198(3).

[44] *See* Complaint ¶ 31.

[45] The FLSA defines an employer using a more liberal "economic reality test" than that applied in New York under the Minimum Wage Act. *See, e.g.*,

employer; nor has he claimed that Bellistri exercised complete dominion over Copstat Inc. Mere participation in the day-to-day activities of an employer renders Bellistri an agent or officer. Agents and officers are not subject to liability under the Minimum Wage Act absent piercing of the corporate veil. Robles' allegations are insufficient to allow this Court to pierce the corporate veil and find Bellistri liable for any violations of the Minimum Wage Act committed by Copstat Inc. Therefore, the state law claim is dismissed with regard to Bellistri.[46]

## V. CONCLUSION

For the reasons discussed above, the FLSA claims against Copstat Inc. and Bellistri are dismissed. The remaining state law claim against Bellistri is

---

*Herman*, 172 F.3d at 139. At least one New York Court has applied the FLSA test to claims under the New York Minimum Wage Act brought alongside a FLSA claim without further analysis. *See Brauin v. Feinberg*, No. 11568-04, 2005 WL 636700, at *3 (N.Y. Civ. Ct. Mar. 18, 2005). *Cf. Foley v. Mobil Chem. Co.*, 647 N.Y.S.2d 374 (N.Y. Sup. Ct. 1996) (applying the economic reality test to a state anti-discrimination claim by avoiding portions of the analysis found in *Patrowich*, 63 N.Y.2d at 542-43). However, the role of this Court is to "anticipate how the New York Court of Appeals would resolve this issue," *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 18 F.3d 126, 130 (2d Cir. 1994), and the narrower definition of employer conforms to Court of Appeals jurisprudence.

[46]   As the state claim survives against Copstat Inc., defendants' motion to sever Copstat Inc. and Bellistri is granted with regard to Bellistri but denied with regard to Copstat Inc.

dismissed with leave to replead.[47]  Copstat Inc.'s motion to dismiss the state law claim is denied.  The Clerk of the Court is directed to close this motion (Docket #16).  A conference is scheduled for July 7, 2009 at 4:30 p.m. in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           June 29, 2009

---

[47]     *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) (noting it is the usual practice upon granting a motion to dismiss to allow leave to replead).

## - Appearances -

**For Plaintiffs:**

Brent E. Pelton, Esq.
Pelton & Associates, PC
111 Broadway, 9th Floor
New York, New York 10006
(212) 386-9700

**For Defendants Copstat Inc. and Bellistri:**

James A. Rose, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

**For Defendants Copstat LLC, Andrews, and Andrews, Inc.:**

Douglas Weiner, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500