UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

FREDDIE ROBLES, *et al.*,

        Plaintiffs,

   - against -

COPSTAT SECURITY, INC., RONALD
BELLISTRI, COPSTAT SECURITY LLC,
ANDREWS INTERNATIONAL, INC.,
RANDY ANDREWS, and JOHN DOES
#1-10, Jointly and Severally,

        Defendants.

------------------------------------------------------- X

**OPINION AND ORDER**

08 Civ. 9572 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Freddie Robles filed this putative collective action on behalf of a

class of all persons who are or were formerly employed as security guards by

Copstat Security, Inc. ("Copstat Inc."), Copstat Security, LLC ("Copstat LLC"),

and Andrews International, Inc. ("Andrews Inc.") at any time since November

2002 (the "Collective Action Period"). Robles alleges that defendants failed to

pay overtime premium wages in violation of the Fair Labor Standards Act

("FLSA")[1] and the New York Minimum Wage Act.[2] In a Memorandum Opinion and Order dated June 29, 2009 (the "June 29 Order"), this Court granted defendants Copstat Inc. and Ronald Bellistri's motion to dismiss the Complaint with respect to the FLSA claims against Copstat Inc. and Bellistri and the state law claims against Bellistri, but denied the motion as to the state law claims against Copstat Inc.[3] Robles was given leave to replead the state law claims against Bellistri. Robles, Emin Davilov, and Cesar Blandon (collectively "Plaintiffs") filed an Amended Class Collective Complaint and Jury Demand ("Amended Complaint") and Bellistri again moves to dismiss the state law claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] For the reasons discussed below, this motion is denied.

## II.    BACKGROUND

A detailed description of the facts can be found in the June 29 Order.

---

[1]    *See* 29 U.S.C. §§ 201-219.

[2]    *See* N.Y. Labor Law §§ 650-665.

[3]    *See Robles v. Copstat Sec., Inc.*, No. 08 Civ. 9572, 2009 WL 1867948 (S.D.N.Y. June 29, 2009).

[4]    The Amended Complaint also contains FLSA claims against Copstat Inc. and Bellistri identical to those that this Court dismissed as time barred in the June 29 Order. The parties have stipulated to withdrawal of these claims as to Copstat Inc. and Bellistri. *See* 9/29/09 Stipulation of Discontinuance, Docket No. 172. Accordingly, these claims are not addressed in this Opinion and Order.

## III.   APPLICABLE LAW

### A.   Motion to Dismiss

When deciding a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint"[5] and "draw all inferences in the light most favorable to the non-moving party[]."[6] Nevertheless, the court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[7]

In deciding a motion to dismiss, the court is not limited to the face of the complaint.  The court "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."[8]

"Federal Rule of Civil Procedure 8(a)(2) requires . . . 'a short and

---

[5]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6]   *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

[7]   *Id.* (quotation marks omitted).

[8]   *ATSI Commc'ns v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

plain statement of the claim showing that the pleader is entitled to relief.'"[9]  To

survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet

the standard of "plausibility."[10]

> A claim has facial plausibility when the plaintiff pleads
> factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct
> alleged. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. Where a
> complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between
> possibility and plausibility of entitlement to relief."[11]

## B.    New York Labor Law

Although there are no explicit provisions governing overtime

compensation under the New York Minimum Wage Act, New York state courts

have recognized a cause of action for unpaid overtime wages against corporations

pursuant to the "Minimum Wage Order for Miscellaneous Industries and

Occupations" (the "Wage Order") issued by the New York State Department of

---

[9]     *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

[10]    *See Twombly*, 550 U.S. at 564. *Accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1941 (2009) (noting that *Twombly*'s standard of plausibility is not limited to antitrust cases).

[11]    *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-57).

4

Labor.[12]  Under the Wage Order, "an employer shall pay an employee for overtime

at a wage rate of one and one-half times the employee's regular rate . . . for

working time over 40 hours" in each workweek.[13]  The Minimum Wage Act and

its implementing regulations provide for a private cause of action for the recovery

of unpaid overtime.[14]

    The New York Minimum Wage Act defines an employer as "any

individual, partnership, association, corporation, business trust, legal

representative, or any organized group of persons acting as employer."[15]  No

statutory provision further defines the actions that constitute "acting as employer."

However, the criminal penalty provision of the Minimum Wage Act separately

denotes employers, their agents, and their officers.[16]  The New York Court of

Appeals has held that a statutory provision "subjecting corporate officers to

criminal sanctions for violation of the article indicates a legislative intent that they

---

[12]    *See Ballard v. Community Home Care Referral Serv., Inc.*, 695
N.Y.S.2d 130 (2d Dep't 1999).  *See also* N.Y. Labor Law § 655(5)(b) (authorizing
the promulgation of regulations).

[13]    N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

[14]    *See, e.g.*, *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 78 (2d Cir.
2003).

[15]    N.Y. Labor Law § 651(6).

[16]    *See id.* § 662(2).

not be subject to civil liability."[17]

## C.    Piercing the Corporate Veil

Although a shareholder is not ordinarily liable for wrongdoing by a

corporation, "equity will intervene to 'pierce the corporate veil' and permit the

assertion of claims against the individuals who control the corporation in order to

avoid fraud or injustice."[18]  To pierce the corporate veil the plaintiff must typically

show "that the individual defendant[] (1) exercised complete domination and

control over the corporation, and (2) used such domination and control to commit

a fraud or wrong against the plaintiff which resulted in injury."[19]

---

[17]    *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542 (1984) (citing *Stoganovic v. Dinolfo*, 61 N.Y.2d 812, 812 (1984)).

[18]    *Miranco Contracting, Inc. v. Perel*, 871 N.Y.S.2d 310, 314 (2d Dep't 2008).

[19]    *Id.* (citing *Morris v. New York State Dep't of Taxation & Fin.*, 82 N.Y.2d 135, 141 (1993)).
       In the June 29 Order, I noted that "New York law permits piercing the corporate veil where '(1) the owner[] exercised complete domination of the corporation *in respect to the transaction attacked*; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury[,]'" quoting *AHA Sales, Inc. v. Creative Bath Products, Inc.*, 867 N.Y.S.2d 169 (2d Dep't 2008) (citing *Morris*, N.Y.2d at 141). *See Robles*, 2009 WL 1867948, at *3 (emphasis added).  However, many New York cases recite the standard without the "in respect to the transaction attacked" language. *See, e.g., Miranco*, 871 N.Y.S.2d at 314; *Damianos Realty Group, LLC v. Fracchia*, 825 N.Y.S.2d 274, 275-76 (2d Dep't 2006).  Additionally, *Morris* makes clear that, "[b]ecause a decision whether to pierce the corporate veil in a given instance will

6

> Factors to be considered include the disregard of corporate formalities; inadequate capitalization; intermingling of funds; overlap in ownership, officers, directors and personnel; common office space or telephone numbers; the degree of discretion demonstrated by the allegedly dominated corporation; whether dealings between the entities are at arm's length; whether the corporations are treated as independent profit centers; and the payment or guaranty of the corporation's debts by the dominating [shareholder].[20]

Mere conclusory statements that a corporation is dominated or controlled by a shareholder are insufficient to pierce the corporate veil and sustain a cause of action against a shareholder in his individual capacity.[21] However, because "[v]eil-piercing is a fact-laden claim[,]" before dismissal can be granted, the plaintiff is generally "entitled to obtain necessary discovery to ascertain whether

---

necessarily depend on the attendant facts and equities, the New York cases may not be reduced to definitive rules governing the varying circumstances when the power may be exercised." 82 N.Y.2d at 141. Accordingly, the "in respect to the transaction attacked" language does not limit a court's authority to pierce the corporate veil where the applicable standard is met.

[20]    *Fantazia Intern. Corp. v. CPL Furs New York, Inc.*, — N.Y.S.2d —, 2009 WL 3763784, at *1 (1st Dep't Nov. 12, 2009).

[21]    *See AHA Sales, Inc.*, 867 N.Y.S.2d 169 (holding that plaintiff failed to set forth sufficient specific factual allegations to warrant piercing the corporate veil and imposition of personal liability on manager of corporate employer for state wage claims).

there are grounds to pierce the corporate veil."[22]  Accordingly, a complaint seeking

to pierce the corporate veil should not be dismissed unless it "'is totally devoid of

solid, nonconclusory allegations'"[23]

## IV.  DISCUSSION[24]

Under the New York Minimum Wage Act, Bellistri can only be liable

for failure to properly compensate Plaintiffs if he was their employer.

---

[22]     *First Bank of Am. v. Motor Car Funding, Inc.*, 690 N.Y.S.2d 17, 22
(1st Dep't 1999).

[23]     *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004) (quoting
*International Credit Brokerage Co. v. Agapov*, 671 N.Y.S.2d 64, 65 (1st Dep't
1998)).

[24]     In support of his motion to dismiss, Bellistri submitted several
affidavits containing factual allegations refuting those in the Amended Complaint.
*See* Affidavit of Ronald Bellistri, Affidavit of Lois Brown, Affidavit of Edward
Gavin, Affidavit of Christopher Giffoni, attached to 9/25/09 Declaration of Rocco
G. Avallone, Counsel to Defendants Copstat Inc. and Bellistri.  Additionally,
Plaintiffs submitted evidentiary materials in support of facts that were not alleged
in the complaint.  *See, e.g.,* Campaign Donation Reports, Securities Filings, and
Property Listings, Ex. D to Declaration of Brent E. Pelton, Counsel to Planitffs.  I
did not consider any of these documents becuase they are not properly before the
Court on a motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 84 (2d
Cir. 2000) ("[A] district court errs when it . . . relies on factual allegations
contained in legal briefs or memoranda in ruling on a 12(b)(6) motion to
dismiss.") (citations and quotation marks omitted); *Leonard F. v. Israel Discount
Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) ("In adjudicating a Rule 12(b)(6)
motion, a district court must confine its consideration to facts stated on the face of
the complaint, in documents appended to the complaint or incorporated in the
complaint by reference, and to matters of which judicial notice may be taken.")
(quotation marks omitted).

Alternatively, Bellistri can be held liable for Copstat Inc.'s failure to properly compensate Plaintiffs if Plaintiffs show that the corporate veil should be pierced.[25]

      *First*, Plaintiffs allege that Bellistri "is an 'employer' pursuant to . . . the New York Labor Law Sec. 2 and the regulations thereunder."[26] However, Plaintiffs fail to plead facts that are sufficient to make this allegation plausible.  Plaintiffs' argument appears to be that Bellistri was their employer becuase he was the founder, chief executive officer, and full owner of Compstat Inc.[27]  In the June 29 Order, I determined that the New York Court of Appeals distinguishes between corporate employers, their agents, and their officers for purposes of liability under the New York Minimum Wage Act.[28]  I further concluded that the "econmic reality test," used to determine whether someone is an employer under the FLSA, is not the appropriate test for determining whether someone is an employer under the New York Minimum Wage Act.[29]  Plaintiffs

---

[25]    In the June 29 Order, I determined that Robles "stated a cause of action for unpaid overtime wages against Copstat Inc."  *See Robles*, 2009 WL 1867948, at \*3.

[26]    Amended Complaint ¶ 13.

[27]    *See id.*; Memorandum of Law in Opposition to Defendant Ronald Bellistri's Motion to Dismiss Plaintiffs' Complaint ("Opp. Mem.") at 1, 3.

[28]    *See Robles*, 2009 WL 1867948, at \*2.

[29]    *See id.* at \*3 n.45.

9

have pled no facts showing that Bellistri was their employer, rather than an officer

or agent of their corporate employer.

Second, Plaintiffs argue that the corporate veil should be pierced

because "Bellistri exercised complete domination of the Copstat Inc. Corporate

entity[.]"[30] In support of this conclusion, Plaintiffs allege that Bellistri is the sole

shareholder of Copstat Inc., Bellistri directed the "day-to-day operations" of

Copstat Inc., Copstat Inc. "is currently a 'shell entity,' and no longer engages in

business,"[31] Copstat Inc. "maintains few, if any, assets," and the assets that Copstat

Inc. had "have been transferred to Bellistri."[32] While the factual allegations in the

Amended Complaint are rather general, it cannot be said that the Amended

---

[30]     Amended Complaint ¶ 13. *Accord id.* ¶¶ 33, 35, 37.

[31]     Copstat Inc.'s name was changed to Corbett Properties, Inc. after the
sale to Andrews.  However, the parties agree that the corporate entity still exists,
albeit under a new name. *See* Opp. Mem. at 7.; Defendants Copstat Security, Inc.
and Ronald Bellistri's Reply Memorandum of Law in Further Support of Their
Motion to Dismiss the Amended Complaint ("Reply Mem.") at 8.

[32]     Amended Complaint ¶¶ 13-14.  In their opposition Plaintiffs
additionally allege that Bellistri appropriated the cash closing payment and other
money that Andrews paid to Copstat Inc. under the Assets Purchase Agreement
and that Copstat Inc. and Bellistri currently share a common address. *See* Opp.
Mem. at 8-9.  These additional facts are not alleged in the Amended Complaint
and accordingly cannot be considered in deciding the motion to dismiss. *See
Friedl*, 210 F.3d at 84 ("[A] district court errs when it . . . relies on factual
allegations contained in legal briefs or memoranda in ruling on a 12(b)(6) motion
to dismiss.") (citations and quotation marks omitted).

Complaint is "totally devoid of solid, nonconclusory allegations."[33]

Drawing all reasonable inferences in favor of Plaintiffs, their allegations, taken as true, make it plausible that Bellistri dominated Copstat Inc. by using his position as sole shareholder to take all, or nearly all, of Copstat Inc.'s assets and that Bellistri currently keeps Copstat Inc. severely undercapitalized. These actions perpetrate a fraud or injustice through misuse of the corporate form because they unfairly allow Copstat Inc. to avoid paying Plaintiffs if they are awarded a judgement against Copstat Inc.[34]  Accordingly, Plaintiffs have stated a cognizable claim for piercing the corporate veil in order to recover from Bellistri in the event that Copstat Inc. is found liable to Plaintiffs for unpaid wages.

---

[33]     *Moses*, 360 F. Supp. 2d at 541 (quoting *International Credit Brokerage Co., Inc.*, 671 N.Y.S.2d at 65).

[34]     *Accord Fantazia Intern. Corp.*, 2009 WL 3763784, at *1 ("One corporation's exercise of domination and control which left the subservient corporation nothing more than a judgment-proof empty shell would constitute a wrong against a creditor.").
        Bellistri argues that "[n]one of [his] conduct after June 11, 2004 [the date Bellistri sold Copstat Inc. to Andrews] had any relationship to the plaintiffs' claims." Reply Mem. at 8-9.  Neither Bellistri nor Copstat Inc. can be liable under the New York Minimum Wage Act for conduct that occurred subsequent to Plaintiffs' employment with Copstat Inc.  However, Bellistri's post-sale conduct is relevant to the veil-piercing analysis because Plaintiffs allege that Bellistri continues to dominate the sucessor company, Corbett Properties.

## V.    CONCLUSION

For the foregoing reasons, Bellistri's motion to dismiss the state law

claims in the Ameded Complaint is denied.  The Clerk of the Court is directed to

close this motion (Docket # 168).  A conference is scheduled for February 1, 2010

at 4:30 p.m. in Courtroom 15C.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            December 2, 2009

**- Appearances -**

**For Plaintiffs:**

Brent E. Pelton, Esq.
Pelton & Associates, PC
111 Broadway, 9th Floor
New York, New York 10006
(212) 386-9700

**For Defendants Copstat Inc. and Bellistri:**

James A. Rose, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
(516) 296-7000

Linda M. Cronin, Esq.
Rocco G. Avallone, Esq.
Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York 11042
(516) 358-1700

**For Defendants Copstat LLC, Andrews, and Andrews, Inc.:**

Douglas Weiner, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177
(212) 351-4500